IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EDWIN D. DENNIS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:05-CV-919-T |
| | ) |
| TOMMY THREAT, et.al | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S
ANSWER TO THEIR SPECIAL REPORT**

COME NOW Tommy Threat, Corey Welch, Timothy Parquett, and Debbie Burke, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Answer to their Special Report to the Court.

**I.    PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

On January 6, 2006, this Court entered an Order stating: "[I]n filing a response to the Defendants' report the Plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials."

Despite this Court's Order, the Plaintiff has failed in his Response to submit valid affidavits, declarations, or other evidentiary materials.[1]  Therefore, the evidence as presented by the Defendants should be accepted as undisputed.  Defendants have affirmatively shown that they have not violated the Plaintiff's constitutional rights.  Thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

---

[1] See Defendants' Motion to Strike, filed simultaneously herewith.

1

**II.   PLAINTIFF HAS FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES.**

All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The following is an excerpt from that handbook:

<u>*SECTION 16:  GRIEVANCES*</u>

> 16.1   If you have a grievance, you can report it on an Inmate Request form. Only one signature is allowed on a grievance.
>
> 16.2   Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of command.
>
> 16.3   If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level (attach a copy of the first grievance). You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.
>
> 16.4   We will not take any negative action against you because you file a grievance.

(Exhibit A, Supplemental Affidavit of Lieutenant Cory Welch, "Welch supp. aff.," ¶ 7; Exhibit B, Supplemental Affidavit of Sergeant Tommy Threat, "Threat supp, aff.," ¶ 8.) Copies of all request forms, including grievance request forms, are placed in the inmate's "Inmate File." (Ex. A, Welch supp. aff., ¶ 8; Ex. B, Threat supp. aff., ¶ 9.) There are no request forms designated as a grievance in the Plaintiff's inmate file regarding the allegations made the basis of the Plaintiff's Complaint. (Ex. A, Welch supp. aff., ¶ 9; Ex. B, Threat supp. aff., ¶ 10.) There are several request forms regarding various other issues in the Plaintiff's inmate file. Therefore, it is clear that the Plaintiff understood how to and was able to file request forms. (Ex. A, Welch supp, aff., ¶ 10; Ex. B, Threat supp. aff., ¶ 11.)

**III.     PLAINTIFF'S CLAIMS FAIL ON THEIR MERITS.**

As set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment on all Plaintiff's claims because the Plaintiff has failed to establish a constitutional violation and because he cannot show that there existed any clearly established law that would give the Defendants fair warning that their conduct was unlawful.  In reply to the Plaintiff's Answer to Defendants' Special Report, the Defendants submit the following:

All persons being booked into the Lee County Detention Center are given the opportunity to complete an Enemies List.  (Ex. A, Welch supp. aff., ¶ 2; Ex. B, Threat supp. aff., ¶ 2.)  The Booking Officer gives the arrestee an opportunity to make known in writing any person within the Detention Center whom he fears or has reason to believe is a threat to him in any way.  (Ex. A, Welch supp. aff., ¶ 3; Ex. B, Threat supp. aff., ¶ 3.)  If the inmate states that there is an inmate or inmates that would do him harm, Detention Center personnel will list the inmate or inmates on the Enemies List form stating the reason the new inmate feels that he is in danger.  (Ex. A, Welch supp. aff., ¶ 4; Ex. B, Threat supp. aff., ¶ 4.)  Whenever such a situation occurs, the Shift Supervisor will be notified and the new inmate will be housed away from those whom he fears will cause him harm.  (Ex. A, Welch supp. aff., ¶ 5; Ex. B, Threat supp. aff., ¶ 5.)  In addition, at any time, an inmate may activate the buzzer in the cell or otherwise alert any officer and orally request to be moved to a different cell if that inmate feels that he is in danger of an attack.  All Detention Center staff understand that an inmate's oral or written request to be moved where the inmate feels threatened is to be taken seriously.  If such a request is made, that inmate is moved *immediately*.  (Ex. A, Welch supp. aff., ¶ 6; Ex. B, Threat supp. aff., ¶ 6.)  As shown by the evidence referenced in the Defendants' Special Report, the Plaintiff requested to be moved to a different cell to avoid a

3

physical assault on November 17-18, 2005, and that request was granted. (Exhibit H to the Defendants' Special Report.) Clearly, the Defendants take requests concerning a threat or danger very seriously. An inmate, however, cannot choose which cell he or any other inmates are assigned to based on which inmates they like or dislike. (Ex. A, Welch supp. aff., ¶ 6; Ex. B, Threat supp. aff., ¶ 6.)

With regard to the incident with Teddy Houston, the Plaintiff did not request to be moved; on the contrary, he requested for another inmate to be kicked out of his cell. The Plaintiff and two other inmates, Walter Smith and Johnathan Revells, had turned in a statement wherein they asked that Teddy Houston be moved out of their cell. Therefore, Sergeant Threat went to investigate to determine why they wanted Houston moved. After questioning the inmates, it was clear that Teddy Houston did not pose a threat or danger to the inmates. Instead, the Plaintiff and the other two inmates simply did not like Houston and wanted to kick him out of the cell. The Plaintiff was given the opportunity to advise Sergeant Threat if there was any threat or danger posed by Houston; however, the Plaintiff did not advise Sergeant Threat of such. Because there was no concern of threat or danger voiced, no action was taken. (Ex. B, Threat supp. aff., ¶ 7.) Furthermore, as set forth in the Defendants' Special Report, the Plaintiff is the one who initiated the fight with Teddy Houston. (Ex. F to the Defendants' Special Report.) Clearly, the actions of Sergeant Threat in investigating the incident and giving the inmates an opportunity to voice any concerns about danger or threats was not deliberately indifferent. Further, where no danger or threat was voiced, Sergeant Threat was not deliberately indifferent in not moving Teddy Houston.

As to the prior fight with Cecil Templeton, the Plaintiff admits that they were housed separately. The Plaintiff assaulted Templeton while seven officers were escorting inmates to

sick call, and the officers separated them. (Ex. E to the Defendants' Special Report.) Furthermore, the Plaintiff pled guilty to assaulting Cecil Templeton. (Id.) Clearly the Defendants cannot be held liable for deliberate indifference to the Plaintiff under these facts.

The Plaintiff admits that he was taken to the doctor and the dentist each time he requested treatment. The Defendants followed the orders of these licensed physicians. As set forth in the Defendants' Special Report, the Defendants are not required to – and should not - second-guess the judgment of a medical doctor or dentist. Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Because it is undisputed that the Plaintiff was treated for all his medical problems, the Plaintiff has failed to show deliberate indifference on the part of the Defendants.

Plaintiff asserts that the law library is inadequate and that a 1983 form was missing from an envelop he received in the mail. However, as set forth in the Defendants' Special Report, the Plaintiff has still failed to show that he was prejudiced in any way as a result of these allegations. The Plaintiff did file his Complaint on a 1983 form and has submitted subsequent materials to the Court as well. Clearly, the Plaintiff has not been prejudiced in any way with regard to this claim.

Because the Plaintiff has not met his burden in overcoming the Defendants' Qualified Immunity defense or showing that he met the requirements of the Prison Litigation Reform Act, as set forth in the Defendants' Special Report, the Defendants are entitled to summary judgment in their favor.

Respectfully submitted this 3rd day of March, 2006.

                    **s/Amanda Kay Morgan**
                    KELLY GALLOPS DAVIDSON Bar No. DAV123
                    AMANDA KAY MORGAN Bar No. ALL079
                    Attorneys for Defendants
                    WEBB & ELEY, P.C.
                    7475 Halcyon Pointe Drive (36117)
                    Post Office Box 240909
                    Montgomery, Alabama 36124
                    Telephone: (334) 262-1850
                    Fax: (334) 262-1889
                    E-mail: amorgan@webbeley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 3rd day of March, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

                Edwin Dee Dennis, Jr.
                AIS# 210963
                Lee County Detention Center
                PO Box 2407
                Opelika, AL 36801

                    **s/Amanda Kay Morgan**
                    OF COUNSEL