IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| EDWIN DEE DENNIS, JR. | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-919-MHT (WO) |
| TOMMY THREAT, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

Plaintiff is an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, and was so at the time he filed the above-captioned action. He brings this case under the provisions of 42 U.S.C. § 1983 challenging Defendants' failures to protect him from harm, provide him with adequate medical care, and provide him with access to the courts.

Pursuant to an order of the court, Defendants filed an answer to the complaint and a written report. (Doc. No. 9.) They assert therein that Plaintiff has failed to exhaust available administrative remedies at the county jail with respect to the claims pending before this court. (*Id.*) Specifically, Defendants maintain that Plaintiff has not filed any grievances concerning the claims made in his complaint and that the inmate grievance procedures at the Lee County Jail are available to all inmates at the jail. (*Id.* and Doc. No. 15.) They note that, had any such grievances been filed, they would be contained in Plaintiff's inmate file, and a review of Plaintiff's inmate file fails to reveal the presence of any grievances lodged with respect to

the claims presented herein. (*Id.*)

There is no question that exhaustion is mandatory under the Prison Litigation Reform Act ["PLRA"] and that unexhausted claims cannot be brought in court. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-919 (2007).[1] Indeed, a prisoner must exhaust administrative remedies even where the relief sought -- as in this case -- is not available in grievance proceedings. *See Woodford v. Ngo,* ___ U.S. ___, 126 S.Ct. 2378, 2383 (2006) (citing *Booth v. Churner,* 532 U.S. 731, 734 (2001)). The PLRA does not define "prison conditions" in relation to the exhaustion requirement, but the Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). To exhaust a § 1983 claim fully, a prisoner must pursue his grievance to the highest administrative level available to him. *See Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999); *Thomas v. Woolum,* 337 F.3d 720, 726 (6th Cir. 2003).

In this case, Defendants have presented evidence that a grievance procedure is available to Plaintiff and that all inmates incarcerated at the Lee County Detention Center have access to an inmate handbook which explains the grievance procedure. (Doc. Nos. 9, 15.) In light of the foregoing, and consistent with the purposes of the PLRA, it is

ORDERED that, if Plaintiff desires to pursue his claim, he shall submit a grievance(s)

---

[1] Under Bock, failure to exhaust is an affirmative defense under the PLRA.

which concerns the matters he seeks to challenge in the present §1983 complaint on or before **August 6, 2007**, in accordance with the grievance procedures available at the Lee County Detention Center, and also submit a copy of said grievance(s) to this court. Counsel for Defendants shall notify the court promptly upon completion of the grievance procedures instituted as a result of this order and, in any event, no later than **August 22, 2007,** counsel for Defendants shall submit a report regarding the status of any grievance proceedings initiated by Plaintiff.

Plaintiff is cautioned that his failure to comply with this order will result in a Recommendation that this complaint be dismissed for failure to exhaust available administrative remedies.[2]

DONE, this 27th day of July, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2]Where a court concludes that a plaintiff has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Plaintiff is cautioned, however, that dismissal of the instant action on the grounds that he failed to exhaust available administrative remedies may preclude him from filing another civil action based on some or all of the grounds presented in the instant case. Specifically, while there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Accordingly, Plaintiff would have no legal basis on which to proceed in a civil action with respect to the claims presented in the instant complaint where the complaint is brought more than two years after the violations about which he complains accrued.