IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

EDWIN DEE DENNIS, JR.　　　*

　　　Plaintiff,　　　　　　　*

　　　　　v.　　　　　　　　*　　　　3:05-CV-919-MHT
　　　　　　　　　　　　　　　　　　　　(WO)
TOMMY THREAT, *et al.*,　　　*

　　　Defendants.　　　　　　*

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Edwin Dennis ["Dennis"], a county inmate, complains about actions taken against him during his confinement in the Lee County Detention Center located in Opelika, Alabama. Specifically, Dennis challenges Defendants' failures to protect him from harm, provide him with adequate medical care, provide him with constitutional conditions of confinement, and provide him with access to the courts. Dennis seeks monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert that this case is due to be dismissed because Dennis has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Dennis has failed to completely exhaust the administrative

remedies available to him in the Lee County Detention Center via the jail's inmate grievance procedure. (*See* Doc. No. 9 at pgs. 6-8, Exh. C - Welch Affidavit, Doc. No. 15, Exhs. A, B.) In accordance with the order entered on November 6, 2006 (Doc. No. 12), the court deems it appropriate to treat Defendants' special report as a motion for summary judgment.

This case is now pending before the court on Defendants' motion for summary judgment and Dennis's opposition thereto. (Doc. No. 13.) Upon consideration of motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion for summary judgment is due to be granted to the extent that it seeks dismissal of the complaint for Dennis' failure to exhaust available administrative remedies, and that this case should be dismissed.

## I. DISCUSSION

Dennis files this action seeking to challenge various conditions of his confinement at the Lee County Detention Center. (Doc. No. 1; *see also* Doc. No. 6.) In response to the claims presented in the complaint, Defendants argue, among other things, that this case should be dismissed because Dennis failed to exhaust his administrative remedies properly prior to filing suit as required by the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a). In support of this argument, Defendants have provided various evidentiary materials, including the affidavits of Defendants Welch and Threat. (Doc. No. 9, Exh. C, Doc. No. 15, Exhs. A, B.) Defendants affirm that, at all times relevant to this litigation, the Lee County Detention Center has maintained an inmate grievance procedure. (*Id.*) According to Defendants, this administrative remedy is available to all Lee County Detention

2

Center inmates, including inmate Dennis. (*Id.*) Defendants contend that a search of Dennis's inmate records reflect that he failed to file an inmate grievance and/or properly appeal any grievance regarding the unconstitutional conditions of confinement alleged in the complaint. (*Id.*;  *see also* Doc. No. 22, Welch Affidavit.)

In opposition to Defendants' motion, Dennis does not deny that he is required to exhaust administrative remedies or that the inmate grievance procedure is available. Rather, Dennis argues that the Detention Center does not have grievance forms, that his grievances are not returned answered, and/or his grievances are "misplaced."  (Doc. No. 13.) Defendants reply  that nothing submitted by Dennis establishes that he properly exhausted available administrative remedies relative to his claims.  (Doc. No. 15.)

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Woodford v. Ngo*, ___ U.S. ___,  126 S.Ct. 2378, 2388 (2006) (again holding that the PLRA requires inmates to exhaust their administrative remedies and to exhaust properly by complying with procedural rules, and noting that any other ruling would eliminate any incentive to comply with the rules

3

and would effectively permit inmates to bypass available administrative remedies.). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at ___, 126 S.Ct. at 2386. In other words, an institution's requirements define what is considered exhaustion. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 923 (2007).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate where there is an available inmate grievance procedure. *See Simpson v. Holder,* 2006 WL 2430001 *3 (11th Cir. 2006), *cert. denied,* 127 S.Ct. 1390 (2007); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (affirming district court's dismissal for failure to exhaust in spite of inmate's argument that his appeal would have been untimely and as such never filed an appeal); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000). Rather, the court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. *Id.* Exhaustion of all available administrative remedies is a precondition to litigation and a federal court may not waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The record in this case establishes that the Lee County Detention Center provides a

grievance procedure for inmate complaints. Defendants state that all Detention Center inmates have access to the Lee County Detention Center Inmate Handbook, which is available for inmates to review whenever they wish, and the handbook informs them that if they have a grievance it may be submitted on a Inmate Request Form. The handbook further informs inmates that inmate grievances are investigated and answered, in writing, within 72 hours of the time the grievance is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of the command. If an inmate is not satisfied with the first answer to his/her grievance, the inmate may send a grievance to the next higher command level with a copy of the first grievance. The inmate may continue to send the grievance through the chain of command, up to the Sheriff, who will make the final decision. (*See* Doc. No. 9, Exh. C, Doc. No. 15, Exh. A.)

Dennis' evidence has not successfully rebutted Defendants' showing that a grievance process is available at the Lee County Detention Center. Dennis makes various conclusory, self-serving, and contradictory arguments about perceived inadequacies of the facility's administrative remedy procedures including claims: (1) that the detention center does not have grievance forms; (2) that request forms submitted as grievance forms are not returned, answered, and/or acted upon; (3) that Defendants do not pay attention to grievance forms or request forms; and (4) that anything labeled as a "grievance form" is misplaced or thrown away as a means to disavow knowledge of incidents which violate constitutional rights. (Doc. No. 13.) Dennis further asserts that he wrote several request forms complaining about "various things," but "seemingly" Defendants did not receive the request or refused to

answer.  (*Id.*)  Without more consistent, specific, and supported allegations, Plaintiff cannot

overcome Defendants' evidence showing that a grievance system is available at the jail for

Plaintiff's claims.  *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir. 1998)

(holding that party opposing summary judgment "may not rely on mere conclusory

allegations nor speculation, but instead must offer some hard evidence showing that its

version of the events is not wholly fanciful.").  Moreover, to the extent Dennis alleges that

he completed and submitted inmate request/grievance forms with regard to the claims made

the basis of this complaint, this step alone does not, in and of itself, satisfy the PLRA's

requirement that all available administrative remedies be fully exhausted through the

grievance process.

The documents before the court  affirmatively show that Dennis is not a stranger to

the Lee County Detention Center, as he has been a periodic guest of the facility at various

times beginning at least as far back as 1994.  (*See* Doc. No. 9, Exh. V.) The evidence  reflects

that during his past, as well as his current, incarcerations Dennis has submitted various

inmate request forms.  Dennis did not, however, comply with and exhaust the Detention

Center's grievance procedures and remedies before filing this suit as required by the PLRA,

and the material submitted in support of Defendants' dispositive motion supports this

conclusion.  (*See* Doc. No. 9, Exhs. C, H, L, N, P, R, S, U, V; Doc. No. 15, Exhs. A, B; Doc.

No. 22, Welch Affidavit.)   Furthermore, with respect to the matter *sub judice*, the court

recently granted Dennis an opportunity to submit grievances with regard to the matters he

seeks to challenge in the present § 1983 complaint in accordance with the grievance

procedures available at the Lee County Detention Center. (*See* Doc. No. 21.)  Dennis was further directed to  submit a copy of any such grievances to this court.  (*Id*.)  Dennis failed to avail himself of his opportunity to comply with the PLRA exhaustion requirements within the time allowed by the court[1]  (*See* Doc. No. 22, Welch Affidavit, Exh A.)

Thus, Dennis has failed to present any evidence that he filed the requisite grievance(s) and/or submitted any grievance appeals necessary to exhaust his available administrative remedies available at the Lee County Detention Center. Dennis, therefore, has failed to produce evidence establishing a genuine issue of fact sufficient to defeat Defendant's motion for summary judgment based on his failure to exhaust administrative remedies.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. No. 9) be GRANTED to the extent that Defendants seek dismissal of this case for Dennis's failure to exhaust  available administrative remedies; and

---

[1]The court's order cautioned Dennis that dismissal of the instant action on the grounds that he failed to exhaust available administrative remedies may preclude him from filing another civil action based on some or all of  the grounds presented in the instant case.  Specifically, the order advised Dennis  that  while there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar.  *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Accordingly, the court informed Dennis that he would have no legal basis on which to proceed in a civil action with respect to the claims presented in the instant complaint where the complaint is brought more than two years after the violations about which he complains accrued.

2.  This case be DISMISSED in accordance with the provisions of 42 U.S.C. § 1997e(a) for Dennis's failure to exhaust  available administrative remedies.

It is further

ORDERED that on or before September 10, 2007, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of August, 2007.

/s/ Susan Russ Walker                          
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE